UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James G. Blakely, # 255623, *aka* Jimmy G. Blakely, | ) **C/A No.  4:08-3609-MBS-TER** |
| | ) [*formerly* Case No. 2008-CP-40-6750] |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )REPORT AND RECOMMENDATION |
| Mr. David M. Tatarsky, "Intrimal" General Counsel; | ) |
| Ms. Simon, Mailroom Supervisor for Lee Correctional Institution; | ) |
| Mr. A. Padula, Warden; | ) |
| Mr. Jon Ozmint, Director of the South Carolina Department of Corrections, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.  PROCEDURAL BACKGROUND

The plaintiff, James G. Blakely, filed this in state court which was removed to this court by

the defendants on October 27, 2008,  as plaintiff alleged violations of his constitutional rights under

42 U.S.C. § 1983[1]. During the time of the matters alleged in his complaint, plaintiff was housed at

the Lee Correctional Institution ("LCI"). At the time of the allegations in the complaint, defendant

Ozmint was the director of the SCDC, Ms. Simon was the mailroom supervisor at LCI, David

Tatarsky was the general counsel for SCDC, and Anthony Padula was the Warden at LCI.

Defendants filed a motion for summary judgment on February 27, 2009, along with a memorandum

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

and exhibits in support of said motion. (Document #25). Because plaintiff is proceeding pro se, he was advised on or about March 2, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The plaintiff filed a response on April 2, 2009. Defendants filed a reply to the response on April 13, 2009, and plaintiff filed a second response on May 4, 2009.

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges violations with regard to censorship of his mail, that he was denied legal copies, that he endured physical, mental, and emotional abuse, that he sustained beatings, that he was denied three nutritious meals per day, that he was denied access to the restrooms, and that he and other inmates were forced to wear female uniforms. (Complaint).

### B.  STANDARD FOR SUMMARY JUDGMENT

As previously stated, defendants filed a motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material

2

fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).
The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the
moving party makes this showing, however, the opposing party must respond to the motion with
"specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on
the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S.
317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both
parties have had ample opportunity to explore the merits of their cases and examination of the case
makes it clear that one party has failed to establish the existence of an essential element in the case,
on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the
movant can show a complete failure of proof concerning an essential element of the non-moving
party's case, all other facts become immaterial because there can be "no genuine issue of material
fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of
law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements
of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## C.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's
exhaustion requirement and has moved for summary judgment on that basis as well as on the merits
of the allegations. Defendants submitted the affidavit of Mary Coleman ("Coleman"), who attests
that she is over Inmate Grievances for the SCDC and is familiar with the plaintiff and grievance
numbers Lee C.I. 2941-08 and 2942-08, which plaintiff referenced in his complaint. Coleman attests

that plaintiff did not comply with SCDC policy GA-01.12, inmate Grievance System, Section 13.1, which requires an inmate to file a grievance within fifteen days of the alleged incident. Coleman asserts that the alleged incident took place on August 19, 2008, and the plaintiff did not file the grievances until September 28, 2008. Plaintiff's Step 1 was returned unprocessed to him and he did not appeal. Coleman attests that plaintiff has failed to exhaust his administrative remedies with respect to the identified grievances. (Coleman affidavit, Doc. #25-4).

In response to the motion for summary judgment with respect to the exhaustion issue, plaintiff asserts that he had to first file an "informal Resolution" and wait on the response before filing his Step 1 Grievance. Therefore, plaintiff argue s that his fifteen days should "had started from the date of the Warden response." (Plaintiff's response, p. 4).

The Prison Litigation Reform Act ("PARA") requires that a prisoner  exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).  Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process.  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001);  see Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir.

4

2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

The Court takes notice that in order to exhaust the South Carolina Department of Corrections ("SCDC") administrative remedies, an inmate must fill out a Form 10-5, Step 1 grievance, and give the Form to the Institutional Inmate Grievance Coordinator within fifteen days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review, with the Inmate Grievance Coordinator within five days of the receipt of the response from the Warden. A responsible official has sixty days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983 42 U.S.C. § 1997e.

The defendants have submitted evidence that the plaintiff has only submitted a Step 1 Grievance concerning the factual allegations predicate to the claims in his Complaint with regard to issues concerning the mailroom and censorship of his mail. (Grievance No. Lee CI 2942-08). This grievance was returned unprocessed as it was not filed in a timely manner stating that the incident

alleged occurred on August 19, 2008, but the grievance Step I was not filed within 15 days of the alleged incident as required in SCDC Policy.

Further, defendants have shown that plaintiff submitted a Grievance Step 1 stating "See attached document of complaints. Minus Ms. Simon, whom I'm filing an individual grievance on!" (Grievance No. LeeCI 2941-08, Document #25-4). These are the same two grievance Step I forms that plaintiff attached to his complaint. However, it appears that the "attached document of complaints"referred to in Grievance No. LeeCI2941-08 was not attached for the court's review. There is further evidence that the Grievances were returned unprocessed because the plaintiff did not file his Grievance within 15 days of the incident. *Id.* Pursuant to Section 13.1 of SCDC Policy GA-01.12, an inmate has fifteen days from the date of an incident in which to file a grievance. (Coleman ¶ 2.) It appears from the record presented that the plaintiff took no further action on his returned grievance. Neither plaintiff nor defendant attached a copy of where plaintiff appealed the decisions that the grievances were not filed in a timely manner and were, thus, returned unprocessed. While plaintiff attached several Step 1 Grievance forms to his response along with the Warden's response, the grievances were either returned not-processed or denied. Plaintiff did not provide any evidence that he appealed these decisions. Additionally, plaintiff attached several Request to Staff Member forms but, again, these do not reveal that plaintiff exhausted his administrative remedies.

In response to the defendants' argument, the plaintiff claims that he did exhaust in a timely manner because it was returned unprocessed under circumstances where it should not have been, i.e. that he had to wait on the Warden's response to his informal request. (Pl. Resp.). It appears plaintiff contends that the circumstances of his grievance warranted some exception to the 15 day limitations

period. *Id.* No matter, the plaintiff's claims cannot be considered to have been properly and completely exhausted.

First, "[t]he fact that a grievance was unprocessed, without more, is insufficient to show that Respondents prevented Petitioner from exhausting his administrative remedies." Bryan v. South Carolina Dept. of Corrections, 2009 WL 702864, at *3 (D.S.C. March 16, 2009); see also Peoples v. SCDC, 2008 WL 1902718, at *1 (D.S.C. April 28, 2008). It is true that, although "there is no futility exception to the PLRA's exhaustion requirement," Massey v. Helman, 196 F.3d 727, 733 (7th Cir.1999), the plain language of the statute requires that only "available" administrative remedies need be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. *See* Dale v. Lappin, 376 F.3d 652, 656 (7th Cir.2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (holding that inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies); Arnold v. Goetz, 245 F.Supp.2d 527, 538-39 (S.D.N.Y.2003) (finding a prisoner who was told that an inmate grievance process existed, but who was frustrated by officials in his attempts to learn how to use it, did not have recourse to an "available" administrative remedy). But a returned and unprocessed grievance does not necessarily render remedies "unavailable." *See* Peoples, 2008 WL 1902718, at *1. This District has specifically concluded that an inmate does not "properly exhaust" his administrative remedies when he fails to file the Step 1 grievance within fifteen days. Beatty v. West, 2007 WL 1485860, at *2 (D.S.C.2007).

Second, the plaintiff, in this case, was free to file a Step 2 Grievance or otherwise appeal the determination not to process the initial grievance. In other words, to the extent plaintiff believed that his grievance should benefit from some exception to the normal 15-day filing period, plaintiff was required to appeal that through the grievance process. See Peoples, 2008 WL 1902718, at *1. It appears, however, that the plaintiff did nothing after the grievance(s) were returned as either unprocessed or denied. The Court cannot now entertain some argument related to the defendants' own administrative policies, which the defendants were not afforded some opportunity to consider. Whether or not the plaintiff now has some legitimate argument as to why his grievances should have been processed is immaterial. He did not proffer that same argument to the defendants, as far as the Court has been informed. It cannot be said, in this case, that administrative remedies were simply unavailable to him. Accordingly, it is recommended that this case be dismissed for failure to exhaust administrative remedies.[2]

---

[2]    In the alternative, it is recommended that this complaint be dismissed in that plaintiff has failed to allege and/or show that he suffered any physical injury as a result of his allegations. At most his injuries were de minimis. To survive summary judgment, the plaintiff must show more than de minimis pain or injury. (Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir., cert. denied, 510 U.S.949 (1993)). The plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim. Id. at 1380-1381. Plaintiff has failed to meet this burden.

    As to claims of access to courts through legal mail, prisoners do not have a cause of action under § 1983 for negligent interference by prison officials with their right of access to the courts.  (Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), "negligent denial of access to the courts is not actionable under § 1983." ) A prisoner must allege adverse consequence as a basis for allegations that the delay or non delivery deprived him of meaningful access to the courts. White v. White, 886 F.2d 721 (4th Cir. 1989) and Morgan v. Montanye, 516 F.2d 1367 (2d Cir. 1975 ) cert. denied, 424 U.S. 973 (1976).   Actual injury must be more than theoretical deficiencies, it is showing that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. Lewis v. Casey, 518 U.S.343 (1996). Plaintiff has failed to meet this burden.

### III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment (document #25) be GRANTED and this claim dismissed.

It is FURTHER RECOMMENDED that all other outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 1, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

9

10