IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, #255623, a/k/a Jimmy G. Blakely, | ) ) C/A No. 4:08-3609-MBS |
| Plaintiff, | ) ) ) |
| vs. | ) **O R D E R** |
| Mr. David M. Tatarsky, "Intrimal" General Counsel; Ms. Simon, Mailroom Supervisor for Lee Correctional Institution; Mr. A. Padula, Warden; and Mr. Jon Ozmint, Director of the South Carolina Department of Corrections, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff James G. Blakely is an inmate of the South Carolina Department of Corrections who currently is housed at Lee Correctional Institution (LCI) in Bishopville, South Carolina. Plaintiff, proceeding pro se, filed a complaint in state court on September 18, 2008, asserting that his constitutional rights have been violated because his legal mail has been censored, he is required to wear female prison uniforms, he has been denied nutritious meals, and he has been denied access to bathrooms, among other things. Defendants removed the action to this court on November 27, 2008 on the basis of federal question jurisdiction. See 18 U.S.C. §§ 1331, 1441, and 1446.

This matter is before the court on motion for summary judgment filed by Defendants on February 27, 2009 (Entry 25). By order filed March 2, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on April 2, 2009, to which Defendants filed a reply on April 13, 2009. Plaintiff filed a surreply on May 4, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On July 1, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motion be granted because Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Plaintiff filed objections to the Report and Recommendation on July 16, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge found that Plaintiff filed only a Step 1 Grievance concerning his complaints about the handling of his mail. The grievance was returned unprocessed because it was not filed in a timely manner subsequent to the incident. The Magistrate Judge noted that the record failed to demonstrate that Plaintiff took any further action to file a Step 2 Grievance or otherwise appeal the refusal to process the Step 1 Grievance.

Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff has not exhausted his administrative remedies. Plaintiff first contends that he was not required to comply with the applicable deadlines for filing grievance procedures because he was under an obligation to wait for the Warden's response to his informal request. As the Magistrate Judge noted, however, the formal grievance process was available to Plaintiff and, regardless of Plaintiff's reasons for not following

the proper protocol, Plaintiff's claims cannot be considered to have been properly and completely exhausted. Plaintiff also asserts that the requirements of § 1997e and the Prison Litigation Reform Act (PLRA) do not apply to his case because it was filed in state court rather than federal court. The court disagrees. As this court previously has held, Plaintiff is required to exhaust his administrative remedies irrespective of whether the action was initially brought in state court and later removed to federal court. See Blakely v. Ozmint, 2006 WL 2850545 (D.S.C. 2006). Plaintiff's objections are without merit.

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Defendants' motion for summary judgment (Entry 25) is **granted**. Plaintiff's motion for writ of habeas corpus ad testificandum (Entry 14), motion to compel (Entry 15), motion for leave to proceed in forma pauperis (Entry 42), and motion for medical examination (Entry 43) are **denied as moot.**

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 1, 2009

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**